On the application of plaintiff, Hillary Carrere, for writs of certiorari or review, the Supreme Court of Louisiana, 396 So.2d 1346, issued the following order:
“Granted and remanded to the Court of Appeal to decide en banc pursuant to R.S. 18:1409(H).”
The statute cited by the Supreme Court and added to R.S. 18:1409 by Act 506 of 1980 provides as follows:
“All appellate decisions shall be rendered by the judges of the appellate court sitting en banc.”
*952 Art. 5, § 8(A) of the Constitution of 1974 provides:
“The state shall be divided into at least four circuits, with one court of appeal in each. Each court shall sit in panels of at least three judges selected according to rules adopted by the court.” (Emphasis supplied)
R.S. 18:1409(H) is plainly inconsistent with the constitutional requirement that the Court of Appeal sit in panels.[1]
However, because the Supreme Court has ordered us “to decide en banc” pursuant to the questioned statute and because it does not appear that the Supreme Court considered the question we raise that the statute is unconstitutional, we, therefore, as the court en banc, certify to the Supreme Court pursuant to Art. 5, § 11, of the Constitution of 1974, the question:
“Is R.S. 18:1409(H) unconstitutional by virtue of Art. 5, § 8(A) of the Constitution of 1974?”[2]

. Compare the language of the present constitution with that of Art. 7, § 23 of the Constitution of 1921 which required courts of appeal to sit in panels but provided “However, in exceptional cases or when deemed necessary or expedient by the judges thereof, a court of appeal may sit en banc.”

. Because the Act seems clearly unconstitutional under Art. 5, § 8(A) we have pretermit-ted discussion of its seeming unconstitutionality under Art. 2’s provision for Distribution of Powers and Art. 3, § 15’s provisions for title-body.