Dear Mr. Cahill:
This office is in receipt of your request for an opinion of the Attorney General in regard to residence requirements for a Town official. You indicate the Mayor is building a new home, with the old home and new home in the City limits. However, the old home has been sold prior to completion of the new home. You ask whether he may live outside of the City limits for several months during the construction.
We find in response to an inquiry by a candidate whether he was required to move into a house under renovation prior to qualifying for the election, this office concluded in Atty. Gen. Op. 83-587 that the domicile of a citizen is in the place wherein he has his principal establishment and is that in which he makes his habitual residence. The restored house will constitute his "habitual residence" upon his actual movement into the house, and the restoration of the home can be viewed as a bona fide attempty to establish a "habitual residence" in order to qualify for candidacy. There was no need to move into the property before qualifying and be inconvenienced because of the renovation process.
In Atty. Gen. Op. 84-289 this office noted that several families were displaced from their home during a chemical contamination, and they questioned their right to vote in their town; while having temporary housing elsewhere. Reliance was placed upon Carrer v. Castano,395 So.2d 951 (4 Cir. La.App. 1981), for the conclusion "that the temporary and involuntary absence from one's home is not sufficient to cause the person to lose his/her status as a qualified voter at the place of the vacant residence."
Also, Atty. Gen. Op. 00-127 questioned residency for membership on the Town Council when the residence was purchased by the state for road construction and a move was required outside the city limits. This office stated while R.S. 33:384 requires an alderman to be a qualified elector of the municipality, it was concluded "until Mrs. Till's change of residence is duly established and the office is declared vacant in accordance with R.S. 18:602, she is entitled to remain in her elected office."
We further find in Atty. Gen. Op. 91-241 that a distinction was recognized between a residence and domicile, noting that a person may have several residences but only one domicile. It was then concluded the requirement of residency would require that a councilman who moves outside of his or her district do so only for a reasonably temporary period of time, and noted that where an individual resides is a factual question, "which must consider the individual's intention and the reasonableness of the circumstances."
Moreover, in Atty. Gen. Op. 00-127 it was concluded until a change of residence is duly established and the office is declared vacant, the individual is entitled to remain in office.
Based upon these earlier opinions of this office we do not find a basis to declare the Mayor is not a resident of the Town of Jean Lafitte because of his temporary residence outside the city. Moreover, we would follow the conclusion that temporary and involuntary absence from one's home is not sufficient to cause the person to lose his status as a resident at the place of the vacant residence.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr